---

(37 Misc. Rep. 532.)

### In re FAY'S ESTATE.

#### (Surrogate's Court, Kings County. March, 1902.)

TRANSFER TAX—EXEMPTIONS.

 A Young Men's Christian Association organized under a special act for the improvement of the moral and spiritual condition of the young men of the city, and for the improvement of their intellectual, physical, and social condition, by means appropriate to the spirit of the gospel, is not a religious corporation, within the meaning of Tax Law (Laws 1896, c. 908) § 221, so that a bequest thereto is not exempt from the transfer tax, as the primary object of its organization was not to exercise ecclesiastical control over its members.

In the matter of the appraisal of the estate of Henry G. Fay, deceased. From a decree confirming the report of the appraiser, the Brooklyn Young Men's Christian Association appeals. Appeal denied.

Lyon & Smith, for Brooklyn Y. M. C. A.
Wm. O. Campbell, for comptroller of the state of New York.

CHURCH, S. By the will of the deceased a bequest of $10,000 was made to the Brooklyn Young Men's Christian Association. The appraiser made an order herein fixing a tax of $500 on such

bequest. From the decree confirming this appraisal the said Brooklyn Young Men's Christian Association appeals, stating as a ground for its appeal that it "is a religious corporation, and the legacy to it is exempt under the said transfer tax acts."

By section 221, c. 908, Laws 1896, it is declared that any property bequeathed "to any religious corporation" shall be exempt from the provisions of the act. The sole question, therefore, for consideration is whether the Young Men's Christian Association is "a religious corporation" within the meaning and intent of the above section of the transfer tax act. The question, it seems to me, is not whether the corporation in question is organized for beneficial purposes, but whether there is included in its work some work of a religious character. It was incorporated by virtue of a special act, in which it was stated that its object was to be primarily "the improvement of the moral and spiritual condition of the young men of Brooklyn, by means always appropriate to and in unison with the spirit of the gospel; and, secondarily, the improvement of their intellectual, physical, and social condition by the same means." The measure of whether this is a religious corporation, it seems to me, can be best determined by a test of whether it could be incorporated under the general religious corporation law of this state. By the religious corporation law (Laws 1895, c. 723, § 2) it is provided as follows: "A religious corporation is a corporation created for religious purposes." There then follows a provision defining an incorporated or an unincorporated church. An inspection of this statute plainly shows that if it was desired to incorporate this corporation to-day it could not be done under the general statute providing for religious corporations, but would have to come under the statute providing for membership corporations, section 5 of the membership corporations law explicitly providing for their incorporation; and in the note which is made by the compiler of the membership corporations law it is stated that it is the express object and purpose of that statute that it should include all of the large class of nonstock corporations which it was necessary to have incorporated other than religious societies. When the legislature, therefore, expressly provides for a method of incorporation for a specific class of corporations, and subsequently, in another statute, refers to corporations by the same definition that it has previously made, it seems to me that it must be considered as being used as a special reference to the specific class of corporations named. An illustration of this in widely divergent statutes, it seems to me, would be instructive. The legislature has elsewhere specifically collated the law applicable to railroad corporations. In another law it has collated the law in relation to transportation corporations. If the legislature should subsequently pass a specific statute exempting from the provisions of any act transportation corporations, it seems to me that it would show that they were plainly referring to the corporations of the character covered by the transportation corporations act, and that a railroad corporation could not come in and claim exemption on the ground that their business was also that of transportation; in other words, that the language of the legislature is used to

describe a specific class of corporations, for which they have made provision, and was not general language, referring in a general way to matters which may be included within the corporation's work.

The counsel for the appellant refers to the case of Young Men's Christian Ass'n v. Mayor, etc., of New York, 113 N. Y. 187, 21 N. E. 86, as being decisive of this case, but an examination of that case does not sustain this contention. The question there under consideration was not whether the corporation was a religious corporation, but whether the real estate which was sought to be made the subject of taxation was devoted to a religious purpose. In discussing the general affairs of the corporation it is true that they referred to its work in words of commendation, and said that it was a religious society; but this was merely dictum, and not by any means decisive of the question here before me for review. It seems to me, further, that a religious corporation should be one formed primarily for religious purposes, exercising some ecclesiastical control over its members, having some distinct form of worship, and some method of discipline for violation thereof; and that the mere fact that it has been formed for a good and worthy object, in which incidentally there will be some religious exercises involved, does not make it a religious corporation. In the decision in Hamsher v. Hamsher, 23 N. E. 1123, 8 L. R. A. 556, the court of appeals of Illinois has considered this branch of the case at great length, and, in my judgment, has correctly decided the same. In this connection I might say that we know that many secret societies have certain religious and solemn rites which they perform, yet it could not be said that because their object is a worthy one for the advancement of the condition of their members, and incidentally some religious services, that they came within the technical definition of a religious corporation. It is with regret that I reach this conclusion, as this corporation is conducting a great work on behalf of the young men of Brooklyn, and is probably by its influence bringing up more young men to lead moral, godly lives than many of the churches combined, it being enabled, by reason of the peculiar methods employed, to reach many young men who could not be reached by the ordinary influences and scope of the authority exercised by the churches; but the question before me is not what the legislature should provide in this matter, but what has the legislature actually done and intended? and in this case I am clear that on the statute as it stands the legislature has not exempted from the transfer tax act such a corporation as the Young Men's Christian Association of Brooklyn. Where the action of the legislature has been merely unwise or improvident, it is not the province of the court, by a strained construction of a statute, to endeavor to nullify the same, but the wrong should be righted by proper legislation. I therefore will deny the appeal, and confirm the appraisement in this matter.

Appeal denied, and appraisement confirmed.